IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| UNI MARTS, LLC, et al. | Bankruptcy Case No. 08-11037-MFW |
| Debtors. | |
| UNI MARTS, LLC, | |
| Plaintiff, | Adversary No. 08-51144 |
| v. | Civil Action No. 09-164-JJF |
| NRC REALTY ADVISORS, LLC, | |
| Defendant. | |

Tyler P. Brown, Esquire; Michael G. Wilson, Esquire and Henry P. Long, III, Esquire of HUNTON & WILLIAMS, Richmond, Virginia. Robert J. Dehney, Esquire; Thomas F. Driscoll, Esquire and Chad A. Fights, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.  Attorneys for Plaintiff.

John H. Bernstein, Esquire of KUTAK ROCK, Denver, Colorado. Marc S. Casarino, Esquire, of WHITE & WILLIAMS, Wilmington, Delaware.  Attorneys for Defendant.

**MEMORANDUM OPINION**

June 11, 2009

Wilmington, Delaware.

Farnan, District Judge.

    Presently before the Court is a Motion For Withdrawal Of The Reference (D.I. 1) filed by Defendant NRC REALTY ADVISORS, LLC's, requesting the Court to withdraw the reference of Adversary Proceeding No. 08-11037 from the Bankruptcy Court to this Court pursuant to 28 U.S.C. § 157(d). For the reasons set forth below, the Court will grant Defendant's Motion.

## I. BACKGROUND

    On May 29, 2008, Uni Marts, LLC (the "Debtor") and its Debtor affiliates each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On August 8, 2008, the Debtor filed the instant Adversary Proceeding asserting in the Complaint three alternative causes of action. In Count One, the Debtor asserts a claim for breach of contract and damages suffered as a result. In Count Two, the Debtor seeks declaratory relief, and in Count III, the Debtor requests dissolution of the contract and restitution.

    On September 15, 2008, Defendant filed the instant Motion concurrently with a Motion to Dismiss, Motion to Strike, and Motion for Determination of Proceeding Status. The parties have fully briefed the instant Motion, and therefore, it is ready for the Court's review.

1

**II.  PARTIES' CONTENTIONS**

By its Motion, Defendant seeks to withdraw the reference of the underlying Adversary Proceeding from the Bankruptcy Court to this Court. It contends that pursuant to 28 U.S.C. § 157(b)(2) the proceeding is non-core. Defendant further contends that it is entitled to a jury trial and has not invoked the equitable jurisdiction of the Bankruptcy Court, and therefore, withdrawal is appropriate.

In response, the Debtor concedes that the underlying Adversary Proceeding is non-core, but contends that because the Complaint contains both legal claims and equitable claims, the Court should not withdraw the equitable claims. Instead, the Debtor contends that the Bankruptcy Court should first address the equitable claims, and then, if any legal claims remain, the Court can subsequently withdraw the reference for a jury trial on the remaining claims.

**III.  DISCUSSION**

Under 28 U.S.C. § 1334(b), district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Pursuant to 28 U.S.C. § 157(a), each district court may refer cases under title 11 to the Bankruptcy Court for disposition. However, under Section 157(d), the referred proceeding can be withdrawn from the Bankruptcy Court and

returned to the district court.  Section 157(d) provides for both mandatory withdrawal and discretionary withdrawal.  In this case, NRC seeks withdrawal only under the standards for discretionary withdrawal.

In providing for discretionary withdrawal, Section 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  This Court has acknowledged that the requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'"  Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)(citations omitted).

The Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal.  These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal.  In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (adopting Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)).  Further, another factor considered by courts is "whether the parties have requested a jury trial."  In

re NDEP Corp., 203 B.R. 905, 908 (D. Del. 1996).

Applying these factors to the circumstances of this case, the Court concludes that withdrawal is appropriate. The parties agree that the proceeding is non-core, and Defendant has not filed a proof of claim. In addition, although Defendant has yet to answer the Complaint, it has expressed its intention to seek a jury trial on the legal claims at issue. The Bankruptcy Court cannot hold a jury trial without the parties' consent.[1] Moreover, the Debtor agrees that withdrawal of the reference is appropriate for the legal claims at issue. In analyzing these factors the Court has previously held that this particular combination of factors requires a withdrawal of reference:

> [The defendant] has shown cause to withdraw this adversary proceeding from the bankruptcy court to the district court. This dispute is a non-core proceeding. Moreover, [the defendant] retains its Seventh Amendment right to a trial by jury. [The defendant] has not filed a proof of claim in bankruptcy, and the adversary proceeding does not involve the claims-allowance process. Consequently, [the defendant] neither invoked the equitable jurisdiction of the bankruptcy court nor waived its right to a trial by jury by filing its counterclaims. Because the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. For this reason alone withdrawal is compelled.

Id. at 913-14.

As for the Debtor's argument that the equitable claims

---

[1] See 28 U.S.C. § 157(e) (stating that a bankruptcy court cannot hold a jury trial without permission from the district court and consent of the parties).

should be resolved first before the Bankruptcy Court, the Court concludes that the Debtor's position is unsupportable. In civil actions containing both legal and equitable claims for relief, courts are to decide the legal claims first, and then the remaining equitable claims. Dairy Queen, Inc. V. Wood, 369 U.S. 469, 479 (1962). Because some of the legal issues presented necessarily overlap with the equitable issues, the Court concludes that withdrawal of the entire case will promote uniformity, expediency, and the most effective and efficient use of the parties' resources. Accordingly, the Court, in its discretion, will grant Defendant's Motion For Withdrawal Of The Reference.

**IV. CONCLUSION**

For the reasons discussed, the Court will grant Defendant's Motion For Withdrawal Of The Reference.

An appropriate Order will be entered.