IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNI-MARTS, LLC,                      :
                                     :
              Plaintiff,             :
                                     :
       v.                            :    C.A. No. 09-164-JJF
                                     :
NRC REALTY ADVISORS, LLC,            :
                                     :
              Defendant.             :

_____

Tyler P. Brown, Esquire; Michael G. Wilson, Esquire; and Henry P.
Long, Esquire of HUNTON & WILLIAMS LLP, Richmond, Virginia.
Robert J. Dehney, Esquire; Thomas F. Driscoll; and Chad A.
Fights, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
Wilmington, Delaware.

Attorneys for Plaintiff.

John H Bernstein, Esquire, and Kelly S. Kilgore, Esquire of KUTAK
ROCK LLP, Denver, Colorado.
Marc S. Casarino, Esquire of WHITE AND WILLIAMS LLP, Wilmington,
Delaware.

Attorneys for Defendants.

_____

**MEMORANDUM OPINION**

March **26** , 2010
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is a Motion To Dismiss Plaintiff's Complaint (D.I. 13), as well as a Motion To Strike Exhibits 1 and 2 To Plaintiff's Complaint (D.I. 14) filed by Defendant NRC Realty Advisors, LLC.  For the reasons discussed, the Motion To Strike will be denied, and the Motion To Dismiss will be granted.

## I.    Background

On August 8, 2008, Uni Marts, LLC ("Plaintiff") filed an Adversary Complaint (the "Complaint") against Defendant NRC Realty Advisors, LLC ("Defendant").  (D.I. 1, Ex. 1.)  By its Complaint, Plaintiff asserts claims for breach of contract, declaratory relief, and dissolution of the contract and restitution.  (Id.)  The parties' disputes stem from an Exclusive Sealed Bid Agreement (the "Agreement"), dated January 18, 2006, in which Defendant agreed to serve as Plaintiff's agent for the marketing and potential sale of Plaintiff's tobacco outlets and convenience stores.  (Id. ¶¶ 8-12.)  Pursuant to the Agreement, Plaintiff paid Defendant an initial fee of $357,000 (the "Initial Fee").  Approximately one year later, Plaintiff terminated Defendant's sales efforts, and sought the return of the Initial Fee.  (D.I. 15, at 4; D.I. 16, at 4.)  Defendant has refused to return the Initial Fee.  (Id.)

On September 15, 2008, Defendant filed the instant Motions

1

To Dismiss Plaintiff's Complaint, and To Strike Exhibits 1 and 2
To Plaintiff's Complaint ("Motion To Dismiss" and "Motion To
Strike," respectively), as well a Motion For Withdrawal Of The
Reference (D.I. 1), requesting the Court to withdraw the
reference of Adversary Proceeding No. 08-11037 from the
Bankruptcy Court to this Court pursuant to 28 U.S.C. § 157(d).
On June 11, 2009, the Court granted Defendant's Motion For
Withdrawal Of The Reference.  (D.I. 6.)

**II.  Parties' Contentions**

    **A.    Motion To Strike**

    By its Motion To Strike, Defendant seeks to strike Exhibits
1 and 2 attached to Plaintiff's Complaint because neither are
true and correct copies of the Agreement that was entered into by
the parties.  (D.I. 15, at 15.)  According to Defendant, Exhibit
1 is an un-signed, red-lined draft of the Agreement which is
barred by the parol evidence rule, as well as by the Agreement's
integration clause.  (Id.)  Defendant contends that Exhibit 2 is
an incomplete copy of the Agreement which is missing part of
Section VIII and all of Section IX.  (Id.)  Defendant notes that
these Sections of the Agreement contain crucial clauses,
specifically an express integration provision prohibiting
consideration of prior agreements, understandings and
representations absent a written amendment signed by the party to
be charged.  (Id.)  As a result, Defendant contends that both

Exhibits should be stricken as "immaterial, impertinent and arguably scandalous." (Id.)

Plaintiff contends that neither Exhibit 1 nor Exhibit 2 are irrelevant or prejudicial. (D.I. 16, at 24.) Specifically, Plaintiff argues that Exhibit 1 does not purport to be a true and correct copy of the final Agreement. (Id.) Rather, Exhibit 1 is a draft which is both relevant and permissible parol evidence for resolving the alleged ambiguity in the language of the Agreement's Initial Fee provision. (Id.) With respect to Exhibit 2, Plaintiff maintains that they simply failed to attach the final page of the Agreement, and that if Exhibit 2 is amended to include that page, it will represent a true and correct copy of the final Agreement. (Id. at 24-25.)

**B.    Motion To Dismiss**

By its Motion To Dismiss, Defendant contends that all three counts of Plaintiff's Complaint fail to state a claim upon which relief can be granted. (D.I. 15, at 8.) Defendant argues that each count is predicated upon the Agreement and seeks the return of the Initial Fee, yet the Agreement is clear and unambiguous with respect to the Initial Fee. (Id.) Specifically, Defendant contends that there is no ambiguity because there is not more than one reasonable interpretation of the Initial Fee provision. (Id. at 11.) Under the Initial Fee provision, according to Defendant, there are no conditions attached to Defendant's

retention of the Initial Fee, and no clauses providing for a return of the Initial Fee in any circumstances.  (Id. at 9.) Defendant further contends that no such clauses exist anywhere in the Agreement.  (Id. at 11.)  Additionally, Defendant argues that Plaintiff cannot use a previous draft of the Agreement (Exhibit 1) to interject ambiguity into the Initial Fee provision because the Agreement's integration clause prohibits consideration of prior drafts.  (Id. at 12.)

Plaintiff opposes Defendant's Motion To Dismiss on several grounds.  First, Plaintiff contends that because Defendant's Motion To Dismiss relies on facts not pleaded in the Complaint, it should be converted to a motion for summary judgment, and subsequently denied because those facts are in dispute.  (D.I. 16, at 13-14.)  Next, Plaintiff contends that the Initial Fee provision is unambiguous, and that it is clear that the Initial Fee was not earned unless the duties set forth in Section VI were completed.  (Id. at 16.)  In the alternative, Plaintiff argues that the Initial Fee provision is ambiguous with regard to when the Initial Fee is earned.  (Id.)  Accordingly, Plaintiff contends that the Court may consider parol evidence (namely, Exhibit 1) to resolve the ambiguity.  (Id. at 19.)  Finally, Plaintiff contends that Defendant's Motion To Dismiss does not properly address Count III of the Complaint.  (Id. at 20.)

## III. Legal Standard

### A.    Rule 12(f)

With respect to motions to strike, Federal Rule of Civil Procedure 12(f) states, in relevant part, that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002); Sepracor Inc. v. Dey, L.P., No. 06-113-JJF, 2008 WL 4377570, at *2 (D. Del. Sept. 26, 2008).  Motions to strike are generally disfavored and ordinarily are denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." McInerney, 244 F. Supp. 2d at 402.  When ruling on a motion to strike, "the [c]ourt must construe all facts in favor of the nonmoving party . . . and deny the motion if the defense is sufficient under law." Procter & Gamble Co. v. Nabisco Brands, Inc., 697 F. Supp. 1360, 1362 (D. Del. 1988).

### B.    Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss

under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff.  See Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Assuming the factual allegations are true, even if doubtful in fact, the "factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007).  While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Id. (internal quotations and citations omitted).  Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombley, 550 U.S. at 556.)  In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6).  Twombley, 550 U.S. at

570.

## VI.  Discussion

### A.   Motion To Strike

The Court will deny Defendant's Motion To Strike.  Plaintiff agrees that Exhibit 1 does not represent the final, binding copy of the Agreement.  However, in as much as the three counts of Plaintiff's Complaint are based, in part, on parol evidence of the parties' negotiations, Exhibit 1 is not immaterial or impertinent to the Complaint.  With regard to Exhibit 2, neither party contests that a full and binding copy of the Agreement is material and pertinent to the Complaint.  Rather, Defendant's issue with Exhibit 2 is solely that it is an incomplete copy of the Agreement.  Accordingly, the Court will permit Exhibit 2 to the Complaint to be amended to include the final page of the Agreement, and will consider the Motion To Dismiss the Complaint as so amended.[1]

### B.   Motion To Dismiss

#### 1.   Whether The Motion To Dismiss Should Be Converted To A Motion For Summary Judgment

As an initial matter, the Court concludes that this Motion is properly considered under Rule 12(b)(6), and should not be

---

[1]  The parties do not dispute that a true and correct copy of the Agreement is attached as Exhibit A of Defendant's Brief In Support Of Motion To Dismiss Plaintiff's Complaint And Motion To Strike Exhibits 1 And 2 To Plaintiff's Complaint (D.I. 15, Ex. A.)

converted to a motion for summary judgment. When a motion to dismiss filed pursuant to Rule 12(b)(6) contains and relies on matters outside the pleadings, not excluded by the Court, it must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Moreover, all parties should be given a reasonable opportunity to present pertinent material after the motion to dismiss is converted to a motion for summary judgment. Id. In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(citations omitted). However, the Court may consider an exhibit to a defendant's motion to dismiss if the plaintiff's claims are based on that document and if that document is indisputably authentic. Id. (citations omitted). Plaintiff's claims are based on the Agreement, it is integral to Complaint, and it is indisputably authentic. Thus, the pending Motion To Dismiss should not be converted into a motion for summary judgment because of the Court's consideration of the Agreement.

Plaintiff also contends that Defendant's Brief in support of its Motion To Dismiss makes factual allegations outside of what is stated in the Complaint. However, to the extent Defendant's Motion To Dismiss relies on matters outside the pleadings, the

8

Court will not consider such matters in assessing the sufficiency of the Complaint. Accordingly, the Court concludes that converting the Motion To Dismiss into a motion for summary judgment is not warranted.

>   2.   Whether The Initial Fee Provision Of The Agreement
>        Is Ambiguous

The Agreement does not contain a choice of law provision, but the parties apparently agree that Pennsylvania law applies. (See D.I. 15, at 10; D.I. 146, at 16.) When the terms of a written contract are left undefined, they are to be given their ordinary meaning. Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004). If the terms are clear and unambiguous, then the intent of the parties must be ascertained from the document itself. Id. However, if the contract's terms are ambiguous, extrinsic or parol evidence may be considered to determine the intent of the parties. Murphy v. Duquesne Univ. of the Holy Ghost, 777 A.2d 418, 429 (Pa. 2001). "A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense" when applied to a given set of facts. Trizechahn Gateway LLC v. Titus, 976 A.2d 474, 483 (Pa. 2009)(citing Ins. Adjustment Bureau v. Allstate, 905 A.2d 462, 468-69 (Pa. 2006)). If one of two proffered meanings is unreasonable, there is no ambiguity. Id. "[R]eviewing courts will not 'distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity.'" Id. (citing

Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999)). Further, a contract is not ambiguous merely because the parties disagree on its construction. RESPA of Pa. v. Skillman, 768 A.2d 335, 340 (Pa. Super. Ct. 2001).

In the Court's view, the Initial Fee provision of the Agreement is unambiguous. In relevant part, Section VI of the Agreement reads:

> 1.   INITIAL FEE
>
> Upon the execution of this Agreement by the parties hereto, and in consideration of the duties set forth in Section VI and the covenants and agreements made herein, Seller shall pay to NRC the sum of $357,000 as an initial fee.

(D.I. 14, Ex. A, Section VI ¶ 1.) The language governing the timing of the Initial Fee payment is clear: the Seller was to pay the Initial Fee "*upon execution* of this Agreement." Moreover, the provision is unambiguous as to when the Initial Fee was earned. Plaintiff argues that the language providing for payment of the Initial Fee "in consideration of the duties set forth in Section VI" means that the Initial Fee was not earned until completion of those duties. However, this interpretation ignores the complete phrase, which provides that the Initial Fee was given "in consideration of the duties set forth in Section VI *and* the covenants and agreements made herein." Not only does the provision not affirmatively state that the Initial Fee was given in consideration of completed duties, but it does not attach any conditions on the performance of the duties otherwise set forth

10

in Section VI.  Where the parties intended to condition payment
of fees on certain performances by Defendant, paragraphs two
through seven of the Initial Fee provision demonstrate that they
did so explicitly.  For example, "[i]n addition to the amount set
forth [in the Initial Fee provision]," Defendant was entitled to
a Sealed Bid Sale Fee of ""8% of the gross sales price of each
Site for which a Purchaser is obtained and closes on such Site."
(D.I. 14, Ex. A. Section VI ¶ 2.)  The Agreement also provided
that Defendant was entitled to Post Sealed Bid Sale Fees,
Holdover Prospect Sale Fees, and Break Up Fees in certain
enumerated circumstances. (Id. ¶¶ 3-7.)  In addition, the Initial
Fee provision explicitly states that the Initial Fee was given in
consideration of the covenants and agreements made by Defendant
within the Agreement.  Thus, the Initial Fee provision is not
ambiguous as to when the Initial Fee was earned; rather, the
Initial Fee was paid in consideration for Defendant's promise to
perform the duties specified in the Agreement.

     3.    <u>Whether Plaintiff's Complaint States A Claim Upon
         Which Relief Can Be Granted</u>

Because the Initial Fee provision is unambiguous, and the
Agreement contains an integration clause,[2] the Court will not

---

[2] The Agreement's integration clause provides, in relevant
part, that "[t]his Agreement represents the entire agreement of
the parties in regard to the subject matter hereof; all prior
agreements, understandings and representations, if any, are
merged herein and superseded hereby."  (D.I. 14, Ex. A, Section
IX ¶ 5.)

consider Exhibit 1 or any other parol evidence in assessing the sufficiency of the Complaint.  See <u>Yocca v. Pittsburgh Steelers Sports, Inc.</u>, 854 A.2d 425, 436 (Pa. 2004)("Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract.")  As a matter of law under the Initial Fee provision, Defendant is not obligated to return any portion of the Initial Fee, regardless of whether the Agreement's purpose was frustrated.  Accordingly, Plaintiff fails to sufficiently state a claim for breach of contract, declaratory relief, or dissolution of the Agreement and restitution, and the Court will dismiss the Complaint in its entirety.

## V.    Conclusion

For the reasons discussed, Defendant's Motion To Strike Exhibits 1 and 2 To Plaintiff's Complaint will be denied. Plaintiff's Complaint shall be amended to include a corrected version of Exhibit 2, the Exclusive Sealed Bid Agreement entered into between the parties.  Defendant's  Motion To Dismiss Plaintiff's Complaint will be granted.

An appropriate Order will be entered.